IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SUSAN L. LAMAR, :
:
        Plaintiff, :
:
v. : Civ. No. 12-400-RGA
:
BANK OF AMERICA, :
:
        Defendant. :

Susan L. Lamar, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 3, 2012
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Susan Lynn Lamar filed this action using a "fill-in-the-blanks" form for a complaint alleging discrimination. She asserts jurisdiction by reason of diversity of the parties and "fraud," or possibly on the basis of discrimination related to employment, gender, and marital status. (D.I. 2, at 1). She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

No matter how one reads the papers, there is nothing that relates to discrimination in them. Instead, this suit is about fraud. Taking the allegations of the complaint as true, in late 2004, Plaintiff applied for, and received, a mortgage loan from the lender Greenpoint Mortgage Funding, Inc., for real property located in San Diego, California. Greenpoint was subsequently purchased by Countrywide and, in turn, Countrywide, was sold to Defendant Bank of America ("Bank of America"). Plaintiff alleges there was "fraud in nature from original loan mortgage company."

To support her claim, Plaintiff attaches a letter, dated August 8, 2011, which she sent to the San Diego, California Office of the District Attorney Real Estate Fraud Section. Therein, she states that, at the time of the purchase, she was a licensed realtor working in California. She was unaware of how much money would actually be borrowed. The contract amount "was broken into an 80/20 interest only three year fixed." Plaintiff had two loans: a thirty year conventional adjustable rate mortgage and a home equity line of credit. She states that she did not suspect fraud and did not question the contract. She indicates that she should have looked everything over more closely, but "unfortunately [she] did not review the original loan documents before now." Plaintiff alleges that she was the victim of a fraudulent loan and real estate scam,

apparently because she was approved for a loan without having sufficient income. In other words, her loan application should have been denied.

Plaintiff filed for bankruptcy.[1] She has since moved to Delaware where she resided at the time she filed the instant Complaint. The Complaint provides an address for Bank of America in Wilmington, Delaware. Plaintiff seeks $233,760 to compensate her for interest paid, HOA fees, unemployment, pain and suffering, and relocation/living expenses.

This Court must dismiss certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

---

[1] It appears that the bankruptcy filing was fairly recently, although that is not explicitly stated. The plaintiff also states in passing that the law firm which handled her bankruptcy was "fraudulent with their bankruptcy documents." (D.I. 2, at 6).

2

A well-pleaded complaint must contain more than mere labels and conclusions. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

3

Plaintiff indicates that jurisdiction rests in this Court by virtue of diversity of citizenship of the parties. The Complaint, however, indicates that both parties are located in Delaware, and it says nothing about citizenship of either party. In addition, it is unclear whether Plaintiff relies solely on 28 U.S.C. § 1332 to support federal subject matter jurisdiction, or whether she intends to invoke federal question jurisdiction. The Complaint does not cite to any federal statute that provides this Court jurisdiction.

In addition, the Complaint indicates that all relevant acts occurred in California. In California, to state a claim for misrepresentation or fraud Plaintiff must plead: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Alliance Mortg. Co. v. Rothwell*, 900 P.2d 601, 608 n.4 (Cal. 1995) (quoting *Molko v. Holy Spirit Ass'n*, 762 P.2d 46, 53 (Cal. 1988) (superseded by statute)). In addition, a fraud claim is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b) which requires Plaintiff to "state with particularity the circumstances constituting the fraud." *See Neilson v. Union Bank, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). The allegations of fraud must "be 'specific' enough to give defendant[] notice of the particular misconduct . . . so that [it] can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). The allegations "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. GlenFed,*

4

*Inc.*, 42 F.3d 1541, 1548 (9th Cir.1994) (superseded by statute).

Plaintiff's allegations of fraud encompass the fact that Plaintiff desired to purchase real estate, she sought financing from Greenpoint, and Greenpoint loaned Plaintiff money, despite what Plaintiff now claims was her obvious lack of financial qualifications. The allegations, as they now stand, fail to plead all essential elements of a claim for fraud under California law.

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to file an Amended Complaint that properly asserts the grounds for this Court's jurisdiction and to cure any pleading defects. Plaintiff's requests for expedited handling (D.I. 6, 9) will be denied.

An appropriate order will be entered.

Richard G. Andrews
UNITED STATES DISTRICT JUDGE

Dated: May 3, 2012
Wilmington, Delaware

5