IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SUSAN L. LAMAR, :
:
Plaintiff, :
:
v. : Civ. No. 12-400-RGA
:
BANK OF AMERICA, :
:
Defendant. :

Susan L. Lamar, Cornelius, North Carolina, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 2, 2012
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

  Plaintiff Susan L. Lamar appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7.) On May 3, 2012, the Court conducted an initial review and screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed the Complaint for failure to state a claim upon which relief may be granted. (D.I. 10, 11). Plaintiff was given leave to file an Amended Complaint to properly assert the grounds for this Court's jurisdiction and to cure any pleadings defects. (*Id.*)

  Plaintiff has filed several documents in an attempt to comply with the Court's Order. These documents consist of a three-page "Amended Complaint" that provides Delaware addresses for both defendants (D.I. 12); a one-page document "requesting context of complaint reviewed," with five pages of miscellaneous documents attached (D.I. 13); and a ten-page document (which might be characterized as an Amended Complaint) which sets forth a "timeline of events attached for clarification." (D.I. 14).

  None of Plaintiff's filings cure the pleading defects identified in the Court's May 3, 2012 memorandum opinion and order. There is no identifiable theory as to why this Court has jurisdiction. There is no identifiable theory of a cause of action against the Bank of America.

  The Court provided Plaintiff an opportunity to correct her pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (the court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). Therefore, as with the original Complaint, the Court will dismiss the Amended Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). While it is likely that allowing leave to amend will prove to be

futile, the Court will nevertheless give Plaintiff another chance to file an amended complaint.

An appropriate order will be entered.